ROSALEE A. ABBOTT[1] *vs.* MICHAEL A. VIRUSSO, JR. February 15, 2008. *Divorce and Separation,* Modification of judgment, Child custody. *Minor,* Custody. *Parent and Child,* Custody of minor. *Probate Court,* Custody of child. *Practice, Civil,* In camera review.

This case is before us for further appellate review. The Appeals Court, in a divided decision, vacated a judgment of the Probate and Family Court denying a divorced mother's request that she be permitted to remove her son from Newton to Tucson, Arizona. *Abbott* v. *Virusso,* 68 Mass. App. Ct. 326 (2007). The relevant facts and procedural background are set forth in the Appeals Court's opinion. The court held, among other things, that the record did not reflect whether the probate judge had given adequate consideration to the mother's interests, as custodial parent, when determining whether the proposed move would be in the best interests of the child. *Id.* at 332-334, quoting *Yannas* v. *Frondistou-Yannas,* 395 Mass. 704, 710 (1985) ("[B]ecause the best interests of a child are so interwoven with the well-being of the custodial parent, the determination of the child's best interest requires that the interests of the custodial parent be taken into account"). The court remanded the case to the Probate and Family Court "for further hearing so that findings may be made . . . as to all of the relevant interests," adding that "[i]t is within the judge's discretion to consider evidence regarding the current circumstances of the parties and the son." *Abbott* v. *Virusso, supra* at 339.

Upon careful review of the record and consideration of the parties' briefs and oral arguments, we conclude, as did the Appeals Court, that the judgment must be vacated and the case remanded for further proceedings at which all of the relevant interests are to be considered and weighed. We reach this result for essentially the same reasons articulated by the Appeals Court. Further, as the Appeals Court directed, any in camera interviews of the child or his sibling on remand must be recorded. Finally, and again for the reasons correctly stated by the Appeals Court, the separate report of the probate judge must be discharged as improper.

*So ordered.*

*Thomas Paul Gorman* for the plaintiff.
*India L. Minchoff* (*Stephen J. Kuzma* with her) for the defendant.